ROBINSON et al. v. HARRIS TRUST & SAVINGS BANK.

No. 8035.

Circuit Court of Appeals, Fifth Circuit.

May 15, 1937.

**930**

W. F. Kelly, of Fort Worth, Tex., for appellants.

J. M. Burford, of Dallas, Tex., and Perry M. Chadwick, of Chicago, Ill., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment denying appellants a lien on property of Texas Consumers Water Company as securing notes in the amount of $40,000 held by them; and recognizing the validity of an issue of bonds of that company, of face value of $500,000, secured by mortgage on the property. A brief statement of the case will serve to clarify the issues.

In 1929 H. M. Embrey was the owner of Riverside Water Works, in Tarrant county, Tex., and conceived the idea of acquiring other small water supply companies and consolidating them into one organization. He secured options on some of these concerns and other property suitable for the business and became associated in the venture with V. A. Robinson, appellant, an engineer by profession, who also held options on similar properties. The options held by Embrey and Robinson were consolidated in a master option in the name of Embrey. Embrey and Robinson entered into an agreement with Metcalf-Cowgill & Company, Inc., as the result of which Texas Consumers Water Company was incorporated, under the laws of Delaware, to take over and operate the various properties as a whole, for the purpose of supplying water to a number of communities in Texas, in the vicinity of Fort Worth and Waco. H. M. Embrey was made president of the water company and Robinson became chief of the engineering and technical staff.

The water company issued bonds to the amount of $500,000, secured by mortgage and deed of trust on its property, then owned and to be after acquired, which was duly recorded. The bonds referred to the mortgage and were signed by Embrey, as president. They were dated October 21, 1929, were payable to bearer, and matured in ten years.

The principal and semiannual interest of the bonds were payable in Chicago, Ill., at the office of Harris Trust & Savings Bank, trustee under the mortgage. Clauses in the bonds provided that title should pass by delivery; for acceleration of maturity on default in payment of interest; and that the water company would reimburse any holder for certain taxes imposed by reason of their ownership. Attached to the bonds, but not mentioned in the text thereof, were two stock warrants, one entitling the holder to receive as a bonus five shares of the common stock of the Trans-Mississippi Utilities Company, a holding company for the water company, holding all of its stock, for each $1,000 principal of the bond or proportionate amount, and the other entitling the holder of the bond to purchase ten shares of the common stock of the holding company at $15 per share, on a similar basis. Metcalf-Cowgill & Company, Inc., acquired the entire issue of bonds at a discount, sold them to the public, and did not hold any of them when this suit was instituted. Metcalf-Cowgill & Company, Inc., paid $231,500 for the property acquired under the options held by Embrey and Robinson which was valued by Robinson in a circular issued by the water company in putting the bonds on the market at $365,000, paid $47,500 for other property, $103,985.48 for improvements, and about $30,000 for expenses, a total of $412,985.

The water company also issued $200,000 of unsecured notes, which were given to Embrey, Robinson, and others for the benefit of the water company. Warranty deeds transferring the property to the water company were executed by its owners. Each deed contained this provision, "It is expressly agreed that no lien of any character, either express or implied is reserved against the property herein conveyed, and

all liens, either express or implied, of any character, are hereby waived."

The notes held by appellants do not purport to be secured by a lien on the property of the water company and appellants had no title to any of the property transferred. Their sole interest was confined to the option to purchase, which was not recorded. The testimony of Embrey, who received $125,000 of the notes, and of Robinson conclusively shows that, while they expected the notes to be secured, they accepted them knowing they were unsecured, on the promise of Metcalf-Cowgill & Co., Inc., that they would be paid out of the proceeds of the bonds.

The water company proceeded to do business, for about two years, furnishing water to consumers, but did not prosper. A bill was filed by creditors, in the District Court, on which a receiver was appointed, who took over and operated the property. The bonds defaulted in December, 1933. The trustee, appellee, also filed a bill in the District Court, to foreclose the mortgage and prayed for a receiver. This suit was consolidated with the pending action and the same receiver was continued in control and operation of the property. By an amendment to the trustee's bill, appellants and other holders of the notes were made parties. Appellants filed an answer denying the negotiability of the bonds, on the grounds that the provisions for payments of taxes rendered the amount promised to be paid uncertain and also because of the annexed certificates for the acquisition of stock. The answer further alleged the bonds were issued without consideration and that as holders of the notes they had a vendor's lien in equity, which should be recognized and enforced in preference to the bonds.

A master was appointed in the consolidated cases. He took evidence and in due course reported. His findings, so far as material to this case, are substantially the same as the facts above recited. Exceptions to the master's report were overruled and a decree was entered ordering the property sold at public auction, appellee to be paid by preference and appellants to be paid, together with other ordinary creditors, out of the surplus.

As appears from a well-considered opinion in the record, the District Court concluded that the bonds were nonnegotiable because of the agreement to pay certain taxes, but nevertheless, as they had been issued for adequate consideration, not in violation of any law of Texas, the holders were entitled to a first lien on the property under the mortgage. He also concluded that appellant had waived any lien they might have been entitled to, did not have a lien of any kind on the property, and were estopped to contest the validity of the bonds.

On the question of negotiability there is much conflict of authority, but it is unnecessary to decide that point. No one but appellants is attacking the validity of the bonds. We agree with the District Court that the bonds were issued for adequate consideration and the holders acquired them in good faith. They are not now on the market and will be liquidated and retired when the property is sold. The question of their negotiability may be considered moot. It is well settled that negotiability is not essential to the validity of a note or bond secured by mortgage. 8 C.J. 51, § 52. In the circumstances disclosed, the trustee, who represents all of the bondholders, was entitled to enforce the lien of the mortgage.

We also agree with the conclusion of the District Court that appellants were not entitled to a lien of any kind on the property and are estopped to contest the validity of the bonds. Embrey, Robinson, and Metcalf-Cowgill & Co., Inc., were engaged in a joint venture, the success of which depended upon the sale of the bonds. All of them participated in putting the bonds on the market. Appellants, in proportion to their initial interest, derived as much benefit from the sale of the bonds as the others. It would be inequitable to permit them to profit at the expense of the bondholders. The following authorities, cited by the District Court, support this conclusion: Gregg v. Von Phul, 1 Wall. 274, 17 L.Ed. 536; Morgan v. Chicago & A. R. Co., 96 U.S. 716, 24 L.Ed. 743; Turner v. Cochran, 94 Tex. 480, 61 S.W. 923; Burnett v. Atteberry, 105 Tex. 119, 145 S.W. 582; Knox v. Gruhlkey (Tex. Civ.App.) 192 S.W. 334; Silverman v. Harmon (Tex.Civ.App.) 250 S.W. 206.

The judgment appealed from is affirmed.